IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH FOLKS, aka Joe Louis Folks Jr., | : : : | |
| Petitioner, | : : | |
| v. | : : | Civil Action No. 20-461-RGA |
| KOLAWOLE AKINBAYO, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : : : | |
| Respondent. | : | |

**<u>MEMORANDUM</u>**

**I.     BACKGROUND**

In February 1993, a Delaware Superior Court jury convicted Petitioner Joseph Folks of two counts of first degree unlawful sexual intercourse with a ten-year-old girl. *See State v. Folks*, 1997 WL 528281 (Del. Super. Ct. Aug. 11, 1997). He was sentenced to thirty-five years of Level V incarceration, suspended after thirty years for decreasing levels of supervision. *See Folks v. State,* 225 A.3d 1267 (Table), 2020 WL 873585, at *1 (Del. Feb. 21, 2020). Petitioner's conviction was affirmed on direct appeal. *See Folks v. State,* 648 A.2d 424 (Table), 1994 WL 330011, at *4 (Del. June 28, 1994).

Petitioner filed his first habeas petition in this court in 1998, which was denied as time-barred in 1999. *See Folks v. Snyder*, Civ. A. 98-508-RRM, Order (D. Del. Dec. 1, 1999). In 2009, the Third Circuit denied Petitioner's application for leave to file a second or successive habeas petition. *See In re: Joseph Louis Folks*, C.A. No. 07-4717, Order (3d Cir. Mar. 5, 2009). In 2012, the Third Circuit denied another application for leave to file a second or successive

habeas petition filed by Petitioner. *See In re: Joseph Folks*, C.A. No. 11-4322, Order (3d Cir. Mar. 29, 2012). Petitioner then filed a habeas petition in the Third Circuit, which was transferred to this court in November 2012. *See Folks v. Phelps*, Civ. A. 12-1568, Order and Petition (D. Del. Nov. 26, 2012). The November 2012 habeas petition asserted that Petitioner's 1993 conviction was illegal because no court in the United States had jurisdiction to convict him due to the fact that he is a "Moorish American National" with sovereign rights. *See id*. at Petition. The Court dismissed the petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. *See id.* at Mem. Order (D. Del. Nov. 18, 2013).

In October 2015, Petitioner filed a habeas petition in the Third Circuit, which was transferred to this court. *See Folks v. Pierce*, Civ. A. 15-938, Petition and Notice (D. Del. Oct. 15, 2015). Petitioner's third habeas petition re-asserted his argument that the Delaware Superior Court did not have jurisdiction to convict him because he is a "Moorish American National" with sovereign rights. *See id.* at Petition. Once again, the Court dismissed the petition for lack of lack of jurisdiction because it constituted an unauthorized second or successive habeas petition under § 2244. *See id.* at Mem. Order ( D. Del. June 19, 2016). Petitioner appealed that decision. *See Folks v. Warden*, C.A. No. 16-2513 (3d Cir. May 24, 2016). The Third Circuit declined to grant a certificate of appealability, holding, "Jurists of reason would not debate that the District Court properly concluded that Folks's petition represented an unauthorized second or successive 28 U.S.C. § 2244 petition that it lacked jurisdiction to consider." *Id*. at Order (3d Cir. Sept. 7, 2016).

At some point after the dismissal of his third habeas petition in 2015, Petitioner was conditionally released from prison and placed on probation. *See Folks,* 2020 WL 873585, at *1.

> In April 2019, an administrative warrant was filed for [Petitioner's] violation of his conditional release and probation. The reports

> alleged that [Petitioner's] unsatisfactory discharge from sex offender treatment violated his sentencing order and the sex offender conditions of supervision that he signed in February 2019. [Petitioner] was discharged, at his own request, from sex offender treatment because he refused to admit he was guilty of unlawful sexual intercourse. After [Petitioner] was given another chance to complete a sex offender treatment program (but was again discharged) and several hearings, the Superior Court found that [Petitioner] had violated his conditional release and probation. For the first unlawful sexual intercourse conviction, the Superior Court discharged [Petitioner's] conditional release. For the second unlawful sexual intercourse conviction, the Superior Court sentenced [Petitioner] to five years of Level V incarceration suspended after his successful completion of the Level V Transitions Program and followed by eighteen months of Level III probation.

*Folks*, 2020 WL 873585, at *1. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on February 2020. *See id*. at *2.

In April 2020, Petitioner filed the habeas petition ("Petition") presently pending before the Court.

## II.     LEGAL STANDARDS

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. 28 U.S.C. § 2254(a); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *overruled on other grounds by Heck v. Humphrey*, 512 U.S. 477, 482 (1994)).

A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest

court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

In turn, pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

### III.  DISCUSSION

The instant Petition asserts four grounds for relief: (1) the Delaware state courts violated Petitioner's due process rights by improperly exercising subject matter jurisdiction over him in 1993 because he is an "indigenous" person (D.I. 1 at 5); (2) the Delaware state courts lacked subject matter jurisdiction over Petitioner's original criminal proceeding because a valid arrest

warrant was never issued under Petitioner's legal name ("Joe Louis Folks Jr. El-Bey"); rather, an improper bench warrant was issued under the name "Joseph Folks" (D.I. 1 at 7); (3) the Delaware Supreme Court erroneously denied Petitioner's appeal from the 2019 VOP because the VOP stemmed from Petitioner's refusal to admit he committed the crime that led to his 1993 conviction and also because he signed the "probation papers using his lawfully legal name followed by without prejudice, thus rendering probation unenforceable in court" (D.I. 1 at 8); and (4) Petitioner, known as "Mr. Joe Louis Folks Jr. El-Bey," is actually innocent of the crime for which he was convicted in 1993 (D.I. 1 at 10).  Petitioner asks the Court to vacate his 1993 conviction and the 2019 VOP related to the 1993 conviction.  (D.I. 1 at 15)

To summarize, the Petition contains three claims (Claims One, Two and Four) challenging Petitioner's original 1993 conviction, and one claim (Claim Three) purportedly challenging Petitioner's 2019 VOP.[1] Petitioner's first habeas petition was adjudicated on the merits.  Claims One, Two and Four of the instant Petition challenge the same 1993 conviction that was challenged in his first petition, and Claims One, Two and Four assert arguments that

---

[1] In the form petition's space reserved for a discussion of timeliness, Petitioner asserts the following:

> My criminal conviction was handed down in 1993; ever since I have been trying to fight this unlawful conviction in one form or another. After maxing out my Level 5, I continued to fight while on Level 3 probation.  Finally, I took a violation of probation in order to file direct appeal of the violation of probation and to have the ability to timely argue original conviction.

(D.I. 1 at 13-14)  This excerpt suggests that the Petition as a whole could be construed as challenging Petitioner's original conviction in 1993.  Nevertheless, the Court will consider Claim Three as challenging Petitioner's 2019 VOP.

either were or could have been asserted in his first petition.[2]  *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18.  Given these circumstances, the Court concludes that Claims One and Four constitute a second or successive habeas request under 28 U.S.C. § 2244.

Since Petitioner did not obtain the requisite authorization from the Third Circuit Court of Appeals to file this successive habeas request,[3] the Court lacks jurisdiction to consider Claims One, Two and Four.  *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.  In addition, the Court concludes that it would not be in the interest of justice to transfer these three Claims to the Third Circuit, because nothing in Claims One, Two and Four comes close to satisfying the substantive requirements for a second or successive habeas request under 28 U.S.C. § 2244(b)(2).  Thus, the Court will dismiss Claims One, Two and Four for lack of jurisdiction.

In Claim Three, Petitioner asserts that the Delaware state courts did not have jurisdiction to find him in violation of his probation because he signed the "probation papers" using his "lawfully legal name" followed by the phrase "without prejudice."  Without more, this allegation does not assert a violation of constitutional rights or a cognizable habeas claim.   In addition, to the extent Claim Three could be construed as asserting a federal constitutional violation, Petitioner has not exhausted state remedies for the argument.[4]  Therefore, the Court will

---

[2]Petitioner expressly acknowledges that he raised Claims One and Four in a prior federal habeas petition. (*See* D.I. 1 at 6-7, 10-11).  He asserts that he "just became aware of proper argument to lawfully address" Claim Two.  (*Id*. at 7).  Petitioner, however, could have raised the issue concerning the name used in the warrant in his first habeas petition.

[3]*See* 28 U.S.C. §§ 2244(b)(3); Rule 9, 28 U.S.C. foll. §2254.

[4]In his VOP appeal to the Delaware Supreme Court, Petitioner argued that "the sex offender conditions that he signed were not binding because he signed with his legal name followed by

summarily dismiss Claim Three for failing to assert a proper basis for federal habeas relief and, alternatively, as unexhausted.

IV.     **CONCLUSION**

For the reasons set forth above, the Court will summarily dismiss Claims One, Two and Four as an unauthorized second or successive habeas request and Claim Three for failing to assert a proper basis for federal habeas relief.  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order will be entered.

April 1, 2021                                             __/s/ Richard G. Andrews_____
                                                                         UNITED STATES DISTRICT JUDGE

---

the notation 'without prejudice.'" *Folks*, 2020 WL 873585, at *1.  The Delaware Supreme Court denied the argument as meritless, explaining that Petitioner's "'without prejudice' notation did not release him from the treatment condition in his sentencing order.  The Superior Court did not err in finding that [Petitioner's] discharge from sex offender treatment violated his conditional release and probation."  *Id*. at *2.

7